**UNITED STATES of America**

v.

**GIBSON PRODUCTS COMPANY, INC.**

**Crim. Nos. 76–B–262 and 76–B–393.**

United States District Court,
S. D. Texas,
Brownsville Division.

Nov. 11, 1976.

Charles Lewis, Asst. U.S. Atty., Brownsville, Tex., for United States of America.

Edmon G. Hall, McAllen, Tex., for Gibson Products Co., Inc.

## ORDER

OWEN D. COX, District Judge.

Defendant corporation, Gibson Products Company, Inc. (Gibson Products), in this consolidated action stands charged in nineteen counts with knowingly making false entries on ATF Form 4473 in connection with the sale of firearms to foreign citizens. In Cr. No. 76–B–262, the Defendant Pedro G. Alvarado was charged in five of said counts as a co-defendant with Gibson Products. Alvarado pled guilty to one count, and the other four counts in the indictment were dismissed. as to him, thus removing him from this prosecution. In Cr. No. 76–B–393, this Defendant, Gibson Products, was alone charged in the remaining fourteen counts. These two consolidated actions were called for trial on November 8, 1976, and, a jury being waived, said actions proceeded to trial before the Court.

The Court, having heard all of the evidence, finds, beyond a reasonable doubt, that Gibson Products Company, Inc., has operated a department store located in McAllen, Texas, for many years. In January, 1969, Gibson Products Company applied for and was issued a license to be a dealer in firearms, other than destructive devices, or ammunition for other than destructive devices. The application for such license was made by Jack Hanshaw, who was identified as the corporation's president. Pedro G. Alvarado, a long-standing employee, had been placed in charge of the hardware and sporting goods department, and, on said application, was designated as "Sporting Goods Manager." While in such capacity and during the period of time from February 11, 1975, through November 14, 1975, the said Alvarado did manage the department, selling, among other items, guns (long guns and hand guns) and ammunition. There was no evidence to indicate that the designation originally given to Pedro G. Alvarado on the application had been changed and none to indicate that some other employee was in charge of the sporting goods department during the period in which the illegal gun sales were made.

The Court further finds, beyond a reasonable doubt, that Pedro G. Alvarado sold certain hand guns to foreign citizens and made false entries on ATF Forms 4473 in regard to each sale involved in this trial. Fictitious names and other fictitious information was entered on the forms. On a few occasions, Alvarado received a bribe or kick-back from the purchaser in connection with the illegal sales. However, such illegal activity and the receipt of kick-backs by Alvarado did not change his status as department head. Alvarado's actions in selling the aforementioned guns were in the course and scope of his employment, because that was his job. Alvarado deposited the full retail price of every gun sold in the store's cash register.

The Court also finds, beyond a reasonable doubt, that Hanshaw rarely went down on the sales floor. When he did audit the ATF 4473 Forms, he concerned himself only with inventory control of individual guns, not with proper completion of the statutorily required information.

In addition, the Court finds, beyond a reasonable doubt, that, in connection with several of the illegal sales, Alvarado received a benefit individually, either a small money kick-back or "ego satisfaction." However, since Alvarado was not himself knocking down, it goes without saying that all of the sales were also intended to benefit the corporation. It was the purpose of the store, and of Alvarado as manager of the department, to sell merchandise and encourage customers to return to the store. The major beneficiary of the sales was the corporation. Reference to gun sales as a "loss leader" does not change the situation. As the Court understands it, loss-leader merchandise is generally a part of the profit-making plan of a retail sales business. The Court concludes that Hanshaw was derelict in his supervision of the gun sales, especially in view of the fact that gun sales

are strictly regulated by the United States government, and considering the potential for abuse given an unsupervised department.

In determining if the factual situation which existed in this case, as found by the Court beyond a reasonable doubt, constitutes a violation of 18 U.S.C. § 922(m), it is necessary to review the law applicable here.

■ Criminal liability for the commission of certain offenses may be imputed to a corporate defendant. *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613 (1909). Because corporations act only through human agents, the requisite level of intent, here, a "knowing" act, must be imputed to the corporation. This theory, known in civil tort law as *respondeat superior*, can be applied to corporate defendants in criminal cases. *See Standard Oil Company v. United States*, 307 F.2d 120, 127 (5th Cir. 1962).

■ The Court must determine whether this corporate defendant, under the facts found by the Court, had the requisite intent, and whether the evidence shows beyond a reasonable doubt that the acts were done deliberately and with knowledge. *Standard Oil, supra*, at 126. The circuit courts have required that a finding of intent to benefit the corporation is necessary to hold the corporation criminally liable for illegal acts. The acts must also have been performed in the scope of the agent's duties. *Standard Oil, supra*, at 128; *Steere Tank Lines, Inc. v. United States*, 330 F.2d 719 (5th Cir. 1963).

■ Defendant argues that the corporate president gave specific instructions to Alvarado and to all gun sales personnel, prohibiting them from making false entries on the Form 4473. This argument is of no legal persuasion to the Court. *United States v. Hilton Hotels Corporation*, 467 F.2d 1000, 1004 (9th Cir. 1972).

■ The Court concludes that the evidence, as the Court has found it, beyond a reasonable doubt, establishes that Alvarado acted within the scope of his employment, and with an intent to benefit the corporation, when he made the illegal entries on Form 4473. The Defendant Gibson's Products Company, Inc., is therefore guilty of Counts 1 through 5 in Criminal Action No. 76–B–262 and is guilty if Counts 1 through 14 in Criminal Action No. 76–B–393.

The Defendant will be sentenced on the 13th day of December, 1976, in Brownsville, Texas. A presentence investigation is hereby ordered.

IT IS SO ORDERED.